IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LUKE ALEXANDER ODOUJ                                                                          PLAINTIFF

vs.                                               Civil No. 2:22-cv-02045

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                       DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Luke Alexander Udouj ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.     Background:**

Plaintiff filed his disability applications on October 29, 2019. (Tr. 15).[1] In his applications, Plaintiff alleges being disabled due to a deformed right foot, arthritis in ankle, back pain, vision impairment, hearing impairment, and developmental disability. (Tr. 270). Plaintiff alleged an onset

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 16. These references are to the page number of the transcript itself not the ECF page number.

1

date of June 28, 2019. (Tr. 15). Plaintiff's applications were denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (Tr. 170-222). This hearing was held on March 23, 2021. (Tr. 38-72). At this hearing, Plaintiff was present, and represented by Jeremy Wann. *Id.* Plaintiff, his mother Patricia Udouj, and Vocational Expert ("VE"), Rachel Hawkins testified at the hearing. *Id.*

Following the administrative hearing, on April 27, 2021, the ALJ entered an unfavorable decision. (Tr. 15-29). In this decision, the ALJ determined Plaintiff met the insured status of the Act through December 31, 2025. (Tr. 17, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity ("SGA") since June 28, 2019. (Tr. 17, Finding 2).

The ALJ determined Plaintiff had the severe impairments of osteoarthritis, major joint dysfunction, sleep apnea, somatic disorder, intellectual disorder, and anxiety. (Tr. 18, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 18, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined his RFC. (Tr. 21-27). The ALJ evaluated Plaintiff's subjective complaints and found the claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id.* The ALJ also determined Plaintiff retained the RFC to perform a reduced range of sedentary work with additional limitations of occasionally can climb, balance, crawl, kneel, stoop, and crouch; simple, routine, repetitive tasks; interpersonal contact that is incidental to the work performed; and simple, direct, and concrete supervision. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 28, Finding 6). The ALJ determined Plaintiff was not capable of performing his PRW. *Id.* However, the ALJ found

there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 28, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) cutter/paster with approximately 11,900 jobs in the nation, (2) nut sorter with approximately 2,200 jobs in the nation, and (3) eye glass frame polisher with approximately 2,000 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been disabled from June 28, 2019, through the date of the decision. (Tr. 29, Finding 11).

On March 16, 2022, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 20, 21. This case is now ready for decision.

### 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 20. In making this claim, Plaintiff raises the following arguments for reversal: (A) the ALJ erred in the RFC determination, (B) the ALJ failed to fully and fairly develop the record, (C) the ALJ erred in failing to find Plaintiff met a Listing, (D) the ALJ

4

erred in assessing his subjective allegations, and (E) the ALJ erred at Step 5. *Id.* The Court will consider each of these arguments.

### A. RFC Determination

In this matter, the ALJ determined Plaintiff retained the RFC to perform a reduced range of sedentary work with limitations. (Tr. 21). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 20, Pgs. 4-11. However, substantial evidence supports the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.*

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that

determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. The mere fact Plaintiff suffers from a number of impairments does not demonstrate he has more limitations than those found in the RFC assessment above.

In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. (Tr. 21-27). The ALJ considered the results of objective diagnostic tests and examination findings and discussed these in his decision. *Id.* The ALJ also considered findings of medical consultants and considered Plaintiff's testimony and function reports in assessing his RFC. *Id.*

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### B.  Duty to Develop the Record

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v.*

*Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ erred by failing to fully develop the medical record regarding Plaintiff's alleged impairments and should have required an additional consultative examination. ECF No. 20, Pgs. 5-7. Defendant argues substantial evidence shows the ALJ met his duty to fully and fairly develop the record. ECF No. 21, Pgs. 7-8.

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of his limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir.2004).

Likewise, the ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir.1989). Thus, the proper inquiry for this Court is not whether a consultative examination should have been ordered; rather, it is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See id.; see also Payton v. Shalala*, 25 F.3d 684, 686 (8th Cir.1994). There is nothing which establishes the record was inadequate for the ALJ to make his decision. The

medical record included treating physician records, clinic records, physical exam reports, diagnostic evaluations, and case analysis.

Further, Plaintiff must not only show the ALJ failed to fully and fairly develop the record, but that he was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record. Plaintiff has not set forth any evidence showing had the ALJ requested additional consultative examinations, the ALJ would have arrived at a different decision.

Accordingly, Plaintiff has failed to demonstrate that the record was not fully developed and that he was prejudiced by any perceived failure to develop the record.

### C. Listing 12.05

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included osteoarthritis, major joint dysfunction, sleep apnea, somatic disorder, intellectual disorder, and anxiety. (Tr. 18, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

"To meet a listing, a claimant must show that he or she meets all of the criteria for the listed impairment." *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). Plaintiff claims his

impairments meet the requirements of Listing 12.05(B).  ECF No. 20, Pgs. 7-9.  Listing 12.05(B) requires a demonstration of the following:

> Satisfied by 1, 2, and 3:
>
> 1. Significantly subaverage general intellectual functioning evidenced by a or b:
>    a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
>    b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and
> 2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
>    a. Understand, remember, or apply information (see 12.00E1); or
>    b. Interact with others (see 12.00E2); or
>    c. Concentrate, persist, or maintain pace (see 12.00E3); or
>    d. Adapt or manage oneself (see 12.00E4); and
> 3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

Plaintiff claims his medical records demonstrate he has a "full-scale score of 67," which satisfies the criteria 1.  ECF No. 20 at 7.  However, to meet listing 12.05, Plaintiff must prove he satisfied all three parts of 12.05(B).  *See* 20 C.F.R. Pt. 404, Subpart P, Appendix 1 § 12.05(B).  Plaintiff has failed to identify any criterion in part 2 or 3, that were satisfied.

Upon review, the Court finds no basis for reversal on this issue. The ALJ discussed at length his findings in support by discussing Plaintiff's relevant medical history, functioning, and testimony and Plaintiff failed to meet his burden.

**D. Subjective Allegations**

Plaintiff claims the ALJ erred in evaluating his subjective allegations of disability. ECF No. 20, Pgs. 10-11. In assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective allegations are not entirely valid, the ALJ's determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective allegations

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

"solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's allegations of pain, the ALJ must make a specific evaluation of a claimant's subjective allegations, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski* in his evaluation of Plaintiff's subjective allegations. (Tr. 21-27). Indeed, the ALJ opinion outlined his subjective allegations and noted inconsistencies between those allegations and the record. *Id.* The ALJ also noted his daily activities and set forth reasons for finding them not as limiting as described by Plaintiff. *Id.* Furthermore, the ALJ carefully summarized Plaintiff's medical records and noted how he was receiving treatment and medication for his impairments that appeared to be effective. *Id.* Based upon the Court's review, there is no basis for reversal on this issue. *See, e.g., Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing an ALJ may discount a "claimant's subjective complaints . . . if there are inconsistencies in the record as a whole").

### **E.  Step Five Determination**

Plaintiff clams he cannot perform the jobs the VE identified at Step Five of the Analysis. ECF No. 20, Pgs. 11-12. Plaintiff claims the VE identified jobs he could not perform because the ALJ provided an incomplete hypothetical to the VE. *Id.* However, as noted above, this Court cannot find Plaintiff had limitations greater than those found by the ALJ. As such, this Court cannot find the hypothetical to the VE was improper.

**4.   Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 27th day of March 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE